```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 Robert Friedman,

                Plaintiff,              MEMORANDUM & ORDER
                                        23-cv-01120(EK)(JRC)
        -against-

 Mendy's Restaurant,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Friedman filed the instant action in February 2023 against Mendy's Restaurant. Proceeding *pro se*, he alleges that the defendant is liable for intentional infliction of emotional distress ("IIED") and for violating Title III of the Americans with Disabilities Act ("ADA"), because Mendy's refused to serve him on the basis of his Tourette Syndrome. *See* Compl. 4-6, ECF No. 1.[1]

Mendy's has moved to dismiss under Rule 12(b)(6), for failure to state a claim. For the reasons that follow, that motion is GRANTED.

### I. Legal Standard

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New*

---

[1] Page numbers in citations to record documents refer to ECF pagination.

1

*York*, 952 F.3d 67, 75 (2d Cir. 2020).  In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   Discussion

### A.   Intentional Infliction of Emotional Distress

"The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).  This cause of action is heavily disfavored in New York.  *Ibraheem v. Wackenhut Servs., Inc.*, 29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (2016).

Here, the plaintiff has not adequately alleged extreme and outrageous conduct.  The only relevant allegations in the complaint are that (1) the plaintiff was banned from the restaurant and (2) the manager approached him "in a belligerent way."  Compl. 5.  He does not allege that he was "physically threatened, verbally abused, or publicly humiliated in any

3

manner." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258–59 (2d Cir. 2001).  Therefore, he falls short of this exacting standard.

Likewise, Friedman has neither alleged that Mendy's intended to cause him severe emotional distress, nor that this incident in fact caused him such distress.  *See* Compl. 5.  Given that these elements are necessary for Friedman to prevail on an IIED claim, that claim must be dismissed.  *Iqbal*, 556 U.S. 662.

**B.   Title III of the ADA**

Friedman's claim that he was banned from Mendy's "based on [his] disability," Compl. 5, is construed as a claim for violation of Title III of the ADA.  To establish such a violation, the plaintiff must show that he is (1) "disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide" on the basis of his disability.  *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); 42 U.S.C. § 12182(a).

Friedman's conclusory allegations that he was banned from Mendy's because of his Tourette Syndrome and that the manager was belligerent towards him, Compl. 5, do not constitute sufficient factual content to render his claim plausible under *Twombly* and *Iqbal*.  Specifically, the complaint never indicates

4

why he alleges that the manager's alleged conduct towards him was prompted by his disability. Compl. 5.

### III. Conclusion

The complaint, filed *in forma pauperis*, is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall have thirty days to file an amended complaint. Plaintiff is advised that any amended complaint that fails to satisfy an element of the claim may be dismissed with prejudice.

Plaintiff is further advised that an amended complaint replaces the current complaint in its entirety, and therefore must include all claims and factual allegations against all defendants.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

        /s/ Eric Komitee
        ERIC KOMITEE
        United States District Judge

Dated: March 5, 2024
       Brooklyn, New York

5