UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

ROBERT FRIEDMAN,

                Plaintiff,         **MEMORANDUM & ORDER**
                                                    23-cv-1120(EK)(JRC)

        -against-

MENDY'S RESTAURANT,

                Defendant.

-----------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Robert Friedman filed the instant action in February 2023 against Mendy's Restaurant ("Mendy's"). By Memorandum and Order dated March 5, 2024, I dismissed the complaint for failure to state a claim. Memorandum & Order ("Mem. & Order"), ECF No. 18. Plaintiff was, however, granted thirty days' leave to submit an amended complaint. Plaintiff was also warned that any amended complaint that fails to satisfy an element of the claim could be dismissed with prejudice. *Id.* at 5. Proceeding *pro se*, Plaintiff then submitted two separate amended complaints, both alleging that Mendy's banned him because of his Tourette Syndrome. ECF Nos. 21, 25. The defendant submitted letters requesting pre-motion conferences in anticipation of a motion to dismiss and laying out the basis therefore. ECF Nos. 22, 26. Friedman did not respond. The

Court construes the defendant's letters as a single motion to dismiss and, for the reasons that follow, grants that motion.

### I. The Pre-Motion Letters Are Construed as a Motion

The Second Circuit has "approved the practice of construing pre-motion letters as the motions themselves — under appropriate circumstances," such as where the "lack of merit" was clear. *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019). With regard to "granting dispositive motions without full briefing," the Second Circuit has emphasized the issues should be "predominantly legal" and the complaint should have "substantial deficiencies." *Kowalchuck v. Metro. Transportation Auth.*, 94 F.4th 210, 216-17 (2d Cir. 2024). The concern of course is that all parties receive "notice and an opportunity to be heard." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022).

This case has already gone through a full round of briefing on the defendant's motion to dismiss, and the Court warned Friedman in the initial dismissal that an amended complaint that failed to remedy the identified defects would be dismissed. Mem. & Order at 5. Friedman was on notice of the reasons for dismissal and elected not to respond to the defendant's pre-motion conference letters. In this situation, it is appropriate to "constru[e] [the defendant's] pre-motion[]

letter as the motion[] [it]sel[f]." *See Kapitalforenignen*, 779 F. App'x at 70.

Further, because Friedman is proceeding *in forma pauperis,* his amended complaint is subject to screening under 28 U.S.C. § 1915, just as his original complaint was. *See Hankerson v. 125 Worth St. Dep't of Health Vital Recs. New York 10013*, No. 24-CV-1148, 2024 WL 3012713, at *1 (S.D.N.Y. June 5, 2024) (citing Section 1915 as a basis for dismissal of amended complaint); *McNair v. Harlem Hosp. Med. Dir.*, No. 19-CV-0203, 2019 WL 3937663, at *1-2 (S.D.N.Y. Aug. 20, 2019) (dismissing amended complaint on Section 1915 review).

## II. Legal Standard

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

Friedman alleges that Mendy's is liable for violating Title III of the Americans with Disabilities Act ("ADA") and for intentional infliction of emotional distress ("IIED"), because the restaurant refused to serve him on the basis of his Tourette

4

Syndrome.  *See* Am. Compl. 4, ECF No. 26.[1]  His allegations are, however, largely identical to those in the original complaint.

In the previous dismissal order, this Court observed that Friedman had not pleaded sufficient facts to sustain a claim for either IIED or violations of the ADA.  Mem. & Order 3-5.  Neither amended complaint that Friedman has filed includes any additional factual allegations that remedy this deficiency.  The only facts that he has added relate to his alleged "traumatic flashback memories" and physical symptoms that he asserts he has suffered as a result of the defendant's actions.  *See* Letter Am. Compl. at 1, ECF No. 21; Am. Compl. at 4.  While these allegations arguably demonstrate "severe emotional distress," the fourth element of an IIED claim, Friedman's amended complaints still fail to establish the first three elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, [and] (3) a causal connection between the conduct and the injury."  *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).

Similarly, the allegations in the amended complaints do not plausibly allege the elements of an ADA Title III claim.  Friedman's conclusory assertions that he was banned due to his Tourette Syndrome, and that Mendy's manager was "belligerent,"

---

[1] Page numbers in citations to record documents refer to ECF pagination.

Am. Compl. 4, are precisely the same allegations this Court found insufficient to establish a violation of the ADA in the original complaint.

### IV. Dismissal with Prejudice

Dismissal with prejudice is warranted where "the district court afforded [a *pro se* plaintiff] an opportunity to amend and warned that failure to cure the problems identified in the dismissal order would result in a dismissal with prejudice." *McGill v. Buzzelli*, 828 F. App'x 76, 78 (2d Cir. 2020); *see also Clark v. Cnty. of Nassau*, No. 06-CV-0841, 2007 WL 1988811, at *2 (E.D.N.Y. July 5, 2007) (same).

Because this new pleading provides no basis for reconsidering the original order, and because the prior order warned that a claim that fails to satisfy any element of the cause of action would be dismissed with prejudice, Friedman's claims are dismissed with prejudice.

### V. Warning In Respect of Filing Injunction

The Court notes that Plaintiff has filed various actions in this district, at least two of which have been dismissed *sua sponte*.[2] "If a litigant has a history of filing

---

[2] Friedman is a frequent filer of ADA and disability-related actions. He currently has six other actions pending before this Court, most of which include an ADA claim. *See Friedman v. Chocolatte Espresso Bar LLC*, No. 22-cv-1645; *Friedman v. Hofstra University et. al*, No. 23-cv-803; *Friedman v. Mendy's Resturant*, No. 23-cv-1120; *Friedman v. Noribar*, No. 23-cv-1121; *Friedman v. Winslow*, No. 23-cv-4324; *Friedman v. Sweet Expressions*, No. 24-

6

vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). He is again warned that this Court will not tolerate vexatious litigation. Further frivolous filings may result in the issuance of an order prohibiting Plaintiff from any future lawsuits in this Court without first obtaining leave of the Court.

## VI. Conclusion

The complaint, filed *in forma pauperis*, is dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mark this case closed.

---

cv-4024. He has also filed at least five other actions in the Eastern of New York. *See Friedman v. Landau et al*, No. 11-cv-3210; *Friedman v. John Hancock Life Insurance Company et al*, No. 16-cv-1156; *Friedman v. Friedman et al*, No. 22-cv-978; *Friedman v. Hershkop*, No. 22-cv-979; *Friedman v. Harbor Motor Inn*, No. 22-cv-1644. And in the Southern District of New York he has filed at least another two. *See Friedman v. MT. Sinai Hospital et al*, No. 23-cv-1142; *Friedman v. Bartell et al*, No. 22-cv-7630.

SO ORDERED.

                                                    /s/ Eric Komitee
                                                  ERIC KOMITEE
                                                  United States District Judge

Dated:    March 28, 2025
            Brooklyn, New York